MARGARET A. MOESER, Chief
MARY BUTLER, Chief, International Unit
DANIEL H. CLAMAN, Principal Deputy Chief, International Unit
JOSHUA L. SOHN, Trial Attorney, International Unit
BARBARA Y. LEVY, Trial Attorney, International Unit
Money Laundering and Asset Recovery Section

Criminal Division
United States Department of Justice
    1400 New York Avenue, N.W., 10th Floor
    Washington, D.C. 20530
    Telephone: (202) 353-9759
    Email:  Joshua.sohn@usdoj.gov

E. MARTIN ESTRADA
United States Attorney
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
    312 North Spring Street, 14th Floor
    Los Angeles, California 90012
    Telephone: (213) 894-2727
    Facsimile: (213) 894-0142
    Email:  Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. |
|---|---|
| Plaintiff, | **STIPULATION AND REQUEST TO ENTER CONSENT JUDGMENT OF FORFEITURE** |
| v. | |
| THE SUM OF $20,000,000 IN FUNDS AND SECURITIES TRACEABLE DIRECTLY OR INDIRECTLY TO UBS ACCOUNT NO. XX-XX715-WB AND FIDELITY INVESTMENT ACCOUNT NO. XXXX XX7922, INCLUDING 8,268.80 SHARES OF VANGUARD INDEX FDS VANGUARD GROWTH ETF FORMERLY VANGUARD INDEX TR VIPERS (TICKER: VUG), 12,539.22 SHARES OF VANGUARD INDEX FDS VANGUARD VALUE ETF FORMERLY VANGUARD INDEX TR (TICKER: VTV); AND 17,860 SHARES OF AKRE FOCUS IND | [Not Dispositive of the Entire Action] |

1

INSTL (TICKER: AKRIX),

       Defendant Assets.

### I.    INTRODUCTION

1.   By the signatures of their counsel hereunder, Plaintiff United States of America ("United States" or "the government") and Frank White, Jr., who is identified as Individual 1 in the Complaint filed in this action, on behalf of himself and the companies he controls ("Claimant") (collectively the "Parties"), respectfully request that the Court find that the Parties have stipulated to the forfeiture of the Defendant Assets as described herein. Claimant owns and controls the Defendant Assets as alleged in the Complaint filed in this action. The Parties have further stipulated that if no other claimants file claims and/or answers before the time expires for such claims and answers, the government will file a proposed consent judgment that reflects the terms of the agreement between the Parties ("Consent Judgment") to carry into effect the terms of this stipulation (the "Stipulation"), which would then be dispositive of this action.

2.   The Defendant Assets are the net present value of $20,000,000 in funds and securities as of the date this Stipulation is signed which are traceable directly or indirectly to funds misappropriated from 1MDB by others without Claimant's knowledge as alleged in the Complaint. Specifically, the Defendant Assets identified for forfeiture in the Complaint include funds and securities traceable directly or indirectly to UBS Account No. XX-

XX715-WB ("UBS Account") and Fidelity Investment Account No. XXXX-XX7922 ("Fidelity Investment Account"), and consist of Defendant Securities and Defendant Funds described as follows:

      a.   The Defendant Securities are the following, which were purchased with funds traceable to the offenses described in the Complaint and are currently held at the Fidelity Investment Account, including:

- 8,268.80 shares of VANGUARD INDEX FDS VANGUARD GROWTH ETF FORMERLY VANGUARD INDEX TR VIPERS (Ticker: VUG);
- 12,539.22 shares VANGUARD INDEX FDS VANGUARD VALUE ETF FORMERLY VANGUARD INDEX TR (Ticker: VTV); and
- 17,860 AKRE FOCUS IND INSTL (Ticker: AKRIX).

      b.   The Defendant Funds include the net present value of $20 million as of the date this Stipulation is signed less the net proceeds of the sale of the Defendant Securities after entry of the Consent Judgment.

3. Nothing in this Stipulation or the Consent Judgment to be filed is intended to be or should be interpreted to constitute an admission of fault, guilt, liability and/or any form of wrongdoing on the part of Claimant, who expressly denies any fault, guilt, liability and/or any form of wrongdoing whatsoever.

4. Upon entry of the Consent Judgment consistent with this Stipulation, the U.S. Attorney's Office for the Central District of

California and the United States Department of Justice, Criminal Division, Money Laundering and Asset Recovery Section acknowledge and agree that they shall be bound by the terms of the Consent Judgment and the doctrines of *res judicata* and collateral estoppel.  The entry of the Consent Judgment shall resolve all of the government's asset forfeiture claims, whether civil, criminal, or administrative, relating to the Defendant Assets in this action and all other proceeds of the 1MDB misappropriation scheme that were transferred to Claimant arising from any acts or omissions alleged in the Complaint in this action.

**II.   PROCEDURAL HISTORY**

5.    This action was commenced on January 17, 2025, against the Defendant Assets.  The Parties reasonably believe that Claimant is the only person, and his entities are the only entities, with potential claims to the Defendant Assets.  However, the government will provide notice of this action by publication as required by Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and the Local Rules of this Court.  In the event that a claim is filed with respect to any Defendant Asset, Claimant agrees and consents, that upon request of the United States, he shall transfer to the custody of the United States additional funds of equivalent value as a Substitute Res in lieu of the Defendant Asset that is the subject of the claim and consents to the forfeiture of that Substitute Res.

6.    Entry of the Consent Judgment, following the resolution of any timely filed claims, will resolve all claims with respect to the Defendant Assets and is dispositive of this Action.

4

**III.  TRANSFER OF DEFENDANT ASSETS**

7.  Claimant consents to the forfeiture to the United States of the Defendant Securities and Defendant Funds with a combined total net present value of $20,000,000 as of the date of signature of this Stipulation (the "Forfeiture Amount").

8.  Claimant agrees to surrender and transfer the Forfeited Amount according to instructions to be provided by the United States on the following schedule:

   a. Claimant shall transfer the Defendant Securities within 14 days of the entry of the Consent Judgment.  Unless otherwise agreed by the government in writing, Claimant shall maintain the Defendant Securities in Fidelity Investment Account XXX XX7922 until they are transferred to the United States;

   b. Claimant shall transfer Defendant Funds in the amount of $7.07 million to the United States on or before January 1, 2026; and

   c. Claimant shall transfer Defendant Funds constituting any unpaid balance of the Forfeited Amount to the United States on or before January 1, 2027 (the "Final Balance Payment")[1].

---

[1] Although the Final Payment Balance will be adjusted to ensure payment of the full Forfeited Amount as set forth herein, considering the current values of the Defendant Securities and the transfer set forth in subparagraph (b), the Parties anticipate that the Final Balance Payment will be approximately $7.07 million, reflecting a total payment in forfeitable funds of approximately $20.84 million.

9.     The Parties shall ensure that upon payment of the Final Balance Payment Claimant shall have surrendered for forfeiture Defendant Assets equal to the Forfeiture Amount.  For purposes of calculating the interest accruing on any unpaid portion of the Forfeiture Amount, the net present value shall be calculated using a 3 percent interest rate amortized over the year and compounded annually as of the date of the signature of this Stipulation. Nothing shall preclude the Claimant from transferring Defendant Assets to the government at dates earlier than set forth above, but, to the extent that Claimant seeks to make early transfers, the sum of such transfers of forfeitable assets (including the value of the Defendant Securities) must be equal to the net present value of $20,000,000 as of the date of the signing of this Stipulation.

## IV.    REMEDIES FOR BREACH OF THIS STIPULATION

10.    Claimant agrees that with respect to any outstanding balance of the Forfeiture Amount which is not paid by the dates specified in this Stipulation (the "Outstanding Balance"), unless extended in writing by MLARS, Claimant will be in breach of this Agreement.  As a consequence of such breach, the United States may pursue any other remedies provided for in this Stipulation and may seek to have the Court in this Action find Claimant in contempt of court, in violation of 18 U.S.C. § 401, et seq., and obstruction of forfeiture, in violation of 18 U.S.C. § 2232, et seq., with all applicable sanctions, and to issue such orders as are necessary,

pursuant to 18 U.S.C. § 981, et seq., to seize and forfeit any assets of Claimant traceable to the offenses alleged in the Complaint filed in this action and the appreciated value of such assets, including all assets traceable to the offense in excess of the Forfeiture Amount in Claimant's possession or control on the date this Stipulation is signed ("Remaining Traceable Assets").  In addition to Claimant's release of any and all claims to the forfeiture of the assets up to the Forfeiture Amount, if the United States determines Claimant has breached this Stipulation, Claimant also releases any and all claims he may have and consents to the forfeiture of any Remaining Traceable Assets. Claimant agrees to execute any additional documents necessary to transfer title to the United States in connection with the Forfeited Amount and the additional Remaining Traceable Assets.  Claimant further agrees that in the event of his death, his estate will be bound by this agreement.

**V.   JURISDICTION AND TERMS**

**A.   Jurisdiction**

11.   The Parties agree that this Court has jurisdiction over the Parties and this action for purposes of this Stipulation.  The Parties further agree that the allegations set out in the Complaint filed in this case, if assumed to be true, are sufficient to establish a basis for forfeiture of the Defendant Assets.

12.   Notwithstanding any other provision of this Stipulation, the forfeiture of the Defendant Assets does not constitute a fine,

penalty, or punitive damages.  The Parties agree that the government has given no advice or assurances or made any representations about any federal, state or local tax consequences with regard to any tax matters that may be pending or which may arise.  Claimant is deemed to have admitted the allegations of the Complaint for purposes of this action only.  The Parties agree that nothing contained in this Stipulation or the Consent Judgment to be proposed is intended or should be interpreted as an admission of fault, guilt, liability and/or any form of wrongdoing by the Claimant.

**B.    Terms**

13.  Upon entry of the Consent Judgment to be proposed in this action in accordance with this Stipulation, all right, title, and interest relating to the Defendant Assets held by the Claimant shall be immediately forfeited to the United States, and no other right, title, or interest shall exist therein, unless provided in this Stipulation.

14.  The government shall dispose of the Defendant Assets according to law.

**C.    Other Terms**

15.  Claimant agrees that he will not contest or assist any other individual or entity in contesting the forfeiture -- administrative, civil judicial or criminal judicial -- of the Defendant Assets.  Upon request of the government, Claimant agrees to reasonably cooperate with the government in endorsing the effectiveness of this agreement when responding to any claims

8

contesting the forfeiture of the Defendant Assets, including the disposition thereof.

16.    For the avoidance of doubt, the following shall not be a breach of the foregoing clauses: (1) asserting defenses in any actions brought against the Claimant by third parties seeking to recover the Defendant Assets (or any substitute *res*) following the Court's entry of an  applicable Consent Judgment; and (2) judicially mandated compliance by the Claimant with valid subpoenas ad testificandum, subpoenas duces tecum, or otherwise lawful compulsion orders. Nothing in this paragraph shall require Claimant to waive attorney-client privilege, the work product doctrine, or any other privilege, immunity, or statutory or constitutional right or protection.

17.    By signatures of his  attorneys hereunder,  Claimant and the companies he controls release the government, its agencies, agents, officers, and attorneys, including employees and agents of the Federal Bureau of Investigation, Internal Revenue Service and the Department of Justice, from any and all claims, actions or liabilities arising out of or related to this action against the Defendant Assets and the commencement of this action, including any claims for attorneys' fees or costs which may be asserted on behalf of Claimant against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise.  Further, Claimant waives any rights he may have to seek remission or mitigation of the forfeiture of the Defendant Assets in this action.

18.    The Parties stipulate and agree that the government may request production of documents and/or information relating to the

9

Defendant Assets for purposes of management and liquidation, and that Claimant shall make good faith efforts to produce any such documents and/or information in his possession, or otherwise request that third parties in possession of such documents and/or information make them readily available for the government's receipt.   Claimant further agrees to execute and cause any necessary legal entities Claimant controls to execute any additional documents, or otherwise request that third parties execute any additional documents, required for the purposes of management and liquidation.

19.   The Parties stipulate and agree that the Court's entry of a Consent Judgment to be proposed consistent with this Stipulation shall be the final and complete satisfaction of all claims asserted by the government and Claimant.

20.   Should any dispute arise about the interpretation of or compliance with the terms of this Stipulation or resulting Consent Judgment, the Parties shall attempt in good faith to resolve any such disputes.   However, should the Parties be unable to resolve a dispute, either Party may move the Court to resolve the dispute and to impose any remedy this Court deems necessary to enforce the terms of this Stipulation and any Consent Judgment to be proposed and entered consistent with this Stipulation.

21.   The Parties agree that this Stipulation is entered into for the sole purpose of resolving the interests of the Parties limited to the Defendant Assets in this Action, and the Remaining Traceable Assets to avoid the expenses and risks associated with continued litigation in this Action. Each of the Parties shall bear its own fees and costs in connection with the seizure, retention, and

forfeiture of the Defendant Assets in a manner consistent with the terms of this Stipulation.


Dated: January 17, 2025                    Respectfully submitted,

MARGARET A. MOESER
Chief, Money Laundering and Asset
Recovery Section
Criminal Division
U.S. Department of Justice

E. MARTIN ESTRADA
United States Attorney

   /s/*Barbara Y. Levy*
_____
JOSHUA L. SOHN
BARBARA Y. LEVY
Trial Attorneys, MLARS

JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

_____
LAUREL LOOMIS RIMON
THOMAS J. PERRELLI
KEISHA N. STANFORD
SHREVE ARIAIL
Jenner & Block

Attorneys for Claimant
FRANK WHITE, JR.

_____
FRANK WHITE, JR.

Dated: January 17, 2025

Dated: January 17, 2025

11