JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>THE SUM OF $20,000,000 IN FUNDS AND SECURITIES TRACEABLE DIRECTLY OR INDIRECTLY TO UBS ACCOUNT NO. XX-XX715-WB AND FIDELITY INVESTMENT ACCOUNT NO. XXXX XX7922, INCLUDING 8,268.80 SHARES OF VANGUARD INDEX FDS VANGUARD GROWTH ETF FORMERLY VANGUARD INDEX TR VIPERS (TICKER: VUG), 12,539.22 SHARES OF VANGUARD INDEX FDS VANGUARD VALUE ETF FORMERLY VANGUARD INDEX TR (TICKER: VTV), AND 17,860 SHARES OF AKRE FOCUS IND INSTL (TICKER: AKRIX),<br><br>    Defendant Assets. | No. 2:25-cv-00474-DSF-BFM<br><br>**CONSENT JUDGMENT OF FORFEITURE**<br><br>(This Consent Judgment is case-dispositive) |

**I.      INTRODUCTION**

1. Plaintiff United States of America ("United States" or "the government") and Claimant Frank White, Jr., and the entites he controls that received funds which unbeknownst to them were misappropriated from 1MDB as alleged in the complaint filed in this action ("Claimant") (collectively the "Parties") have made a stipulated request for the entry of this Consent Judgment, which entry disposes of the entirety of this action due to the absence of any other claimants. (ECF No. 3.)

2. The United States has filed over 42 civil actions *in rem* to forfeit assets involved in and traceable to an international conspiracy to, among other things, launder money misappropriated from 1Malaysia Development Berhad ("1MDB"), a strategic investment and development company wholly owned by the government of Malaysia. In this action, the United States seeks forfeiture of property pursuant to 18 U.S.C. § 981(a)(1)(C), on the ground that unbeknownst to the Claimant it constitutes proceeds or property derived from proceeds of violations of U.S. law, and pursuant to 18 U.S.C. § 981(a)(1)(A) on the ground that it is property traceable directly or indirectly to real property and deposits in accounts in financial institutions and investments in publicly traded securities which were purchased with money that was misapproriated from 1MDB and involved in one or more money laundering offenses in violation of 18 U.S.C. §§ 1956 and/or 1957.

3. The Defendant Assets consist of $20,000,000 representing funds and securities traceable directly and indirectly to the 1MDB misappropriation scheme described in the complaint in this action. The Funds and securities are traceable directly or indirectly to UBS Account No. XX-XX715-WB and Fidelity Investment Account No. XXXX-XX7922, and include 8,268.80 shares of Vanguard Index Fds Vanguard Growth ETF Formerly Vanugard Index TR Vipers (Ticker:VUG), 12.539.22 shares of Vanguard Index Fds Vanguard Value ETF Formerly Vanguard Index TR (Ticker: VTV), and

17,860 shares of AKRE FOCUS IND INSTL (ticker: AKRIX) held at Fidelity Investments.

4.     On January 17, 2025, the Parties executed and filed a Stipulation and Request to Enter Consent Judgment of Forfeiture (the "Stipulation"), asking the Court to enter judgment in this action. ECF No. 3.

## II.     FINDINGS

5.     The Court, having considered the Stipulation filed by the Parties, and the Application for Entry of the Proposed Order by the government, and good cause appearing therefor, HEREBY ORDERS, ADJUDGES AND DECREES:

6.     For purposes of this Consent Judgment, this Court has jurisdiction over the Parties and over the subject matter of this action.  Notice provided to Claimants who have a direct interest in the Defendant Assets subject to forfeiture is confirmed by the Stipulation filed in this case.  No other potential claimants to the Defendant Assets are known to the government, and notice by publication was provided by the government in accordance with Rule G of the Supplemental Rules for Admiralty Or Martime Claims And Asset Forfeiture Matters and the Local Rules of this Court. No other claims have been filed and the time for filing has expired.  ECF Nos. 12, 13, 14. The Claimant has admitted that if taken as true, the allegations set out in the complaint in this case are sufficient to state a claim for forfeiture of the Defendant Assets.

7.     This Consent Judgment does not constitute a finding of guilt, fault, liability and/or any form of wrongdoing on the part of the Claimant. The U.S. Attorney's Office for the Central District of California and the United States Department of Justice Criminal Division shall be bound by this Consent Judgment and the doctrines of res judicata and collateral estoppel. The entry of this Consent Judgment shall resolve all the government's civil, criminal and administrative forfeiture actions or proceedings relating to the Defendant Assets, and other funds received by Claimant and other entities and personal financial accounts he controls that are traceable to the misappropriation of funds from 1MDB in the manner alleged in the complaint in this action.

8. Upon entry of this Consent Judgment, all right, title and interest in the Defendant Assets are hereby forfeited to the United States, and no other right, title, or interest shall exist therein, unless otherwise provided in this Consent Judgment. Claimant shall surrender and transfer the Defendant Assets to the United States as provided in the Stipulation. The forfeited Defendant Assets shall be disposed of as provided by law.

9. Claimant shall not contest or assist any other individual or entity in contesting the forfeiture of the Defendant Assets against which forfeiture is sought in connection with the actions alleged in the complaint in this case. Upon request of the government, the Claimant and any other entities he controls which, as alleged in the complaint, received assets taceable to this offense directly or indirectly, shall reasonably cooperate with the government in endorsing the effectiveness of this Consent Judgment and the Stipulation.

10. The government may request that Claimant execute any documents or produce documents and information relating to the Defendant Assets and the Claimant shall provide such documents for purposes of management and liquidation. The Claimant shall make good-faith efforts to produce any such documents and/or information in their possession, or otherwise request that third parties in possession of such documents and/or information make them readily available to the government.

11. The entry of this Consent Judgment shall be the final and complete satisfaction of all forfeiture-related claims asserted by the government and the Claimant, as described in the Stipulation filed in this action as to the Defendant Assets in this action.

12. In effectuating the terms of this Consent Judgment, the Parties shall act in accordance with the laws and regulations of the United States.

13. The following shall not be a breach of the foregoing clauses: (1) asserting defenses in any actions brought against Claimant by third parties seeking to recover the

4

Defendant Assets following the Court's entry of this Consent Judgment; and (2) judicially mandated compliance by the Claimant or any entity he controls with valid subpoenas ad testificandum, subpoenas duces tecum, or otherwise lawful compulsion orders. Nothing in this paragraph shall require the Claimant to waive attorney-client privilege, the work product doctrine, or any other privilege, immunity, or statutory or constitutional right or protection.

    14.    Should any dispute arise about the interpretation of or compliance with the terms of this Consent Judgment pursuant to the Stipulation filed by the Parties, the Parties shall attempt in good faith to resolve any such disputes.  However, should the parties be unable to resolve this dipute, the Parties may move this Court to impose any remedy this Court deems necessary to enforce the terms of this Consent Judgment.

    15.    Each of the Parties shall bear its own fees and costs in connection with this action in a manner consistent with the terms of this Consent Judgment.

IT IS SO ORDERED.

DATED: May 22, 2025

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

Margaret A. Moeser
Chief, Money Laundering and Asset Recovery Section (MLARS)
Criminal Division, U.S. Department of Justice

Bilal A. Essayli
United States Attorney
Central District of California


 /s/ Joshua L. Sohn
JOSHUA L. SOHN
BARABARA Y. LEVY
Trial Attorneys, MLARS

JONATHAN GALATZAN
Assistant United States Attorney
Central District of California

Attorneys for Plaintiff
UNITED STATES OF AMERICA

6